UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| FIFTH THIRD BANK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| McDONALD AVIATION, LLC, JACOB MAY, MARK McDONALD, THOMAS E. NEWTON, and WILLIAM A. OLDACRE, | ) ) ) ) ) ) ) |
| Defendants. | ) |

CASE NO. _____

## COMPLAINT

In support of the relief requested herein, Plaintiff Fifth Third Bank, an Ohio banking corporation, successor in interest by merger with Fifth Third Bank, N.A., a national association ("Fifth Third"), would show the following:

### PARTIES

1. Fifth Third is an Ohio banking corporation with its principal place of business in Cincinnati, Ohio.

2. Defendant Jacob May is a citizen of Davidson County, Tennessee.

3. Defendant Mark McDonald is a citizen of Davidson County, Tennessee.

4. Defendant Thomas E. Newton is a citizen of Autauga County, Alabama.

5. Defendant William A. Oldacre is a citizen of Davidson County, Tennessee.

6. Jacob May, Mark McDonald, Thomas E. Newton, and William A. Oldacre shall be collectively referred to herein as "Guarantors."

7. Defendant McDonald Aviation, LLC ("McDonald Aviation") is a Tennessee limited liability company with its principal office located at 3841 Green Hills Village Drive, Suite 400, Nashville, TN 37215. McDonald Aviation's registered agent for service of process is E. H. Camp III, Esq., 3841 Green Hills Village Drive, Suite 400, Nashville, TN 37215.

8. Upon information and belief, the members of McDonald Aviation are Jacob May, Mark McDonald, Thomas E. Newton, and William A. Oldacre.

9. McDonald Aviation is a citizen of Alabama and Tennessee. *See Homfeld II, L.L.C. v. Comair Holdings, Inc.,* 53 Fed. Appx. 731 (6th Cir. Mich. 2002). *See also Handelsman v. Bedford Village Associates Limited Partnership,* 213 F.3d 48 (2nd Cir. 2000); *Cosgrove v. Bartolotta,* 150 F. 3d 729 (7th Cir. 1998).

10. Upon information and belief, the transactions that gave rise to this action were negotiated and executed in Davidson County, Tennessee.

## JURISDICTION AND VENUE

11. Jurisdiction to adjudicate this matter is vested in this Court pursuant to 28 U.S.C. § 1332. Fifth Third and the defendants are citizens of different states, and the amount in controversy exceeds the amount of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2). A substantial part of the events or omissions giving rise to this lawsuit occurred within this judicial district.

## FACTS

13. Fifth Third made certain financial accommodations to McDonald Aviation pursuant to that certain *Promissory Note* dated July 7, 2008, in the original principal amount of $1,600,000.00 ("Note"). A copy of the Note is attached hereto as *Exhibit 1* and incorporated herein by reference.

14. The Note obligates McDonald Aviation to pay all attorney fees, costs, and expenses incurred and to be incurred to collect the indebtedness.

15. To induce Fifth Third to extend credit to McDonald Aviation, Guarantors executed the following (the "Guaranties"):

    (a) *Limited Payment Guaranty* executed by Jacob May and dated July 7, 2008, as amended by that certain *First Amendment to Limited Payment Guaranty* dated September 4, 2009;

    (b) *Limited Payment Guaranty* executed by Mark McDonald and dated July 7, 2008;

    (c) *Limited Payment Guaranty* executed by Thomas E. Newton and dated July 7, 2008;

    (d) *Limited Payment Guaranty* executed by William A. Oldacre and dated July 7, 2008; and

Copies of the Guaranties are attached hereto as *Collective Exhibit 2* and incorporated herein by reference.

16. The Note is secured under that certain Aircraft Security Agreement dated as of July 7, 2008, by and between Fifth Third and McDonald Aviation, a copy of which is attached hereto as *Exhibit 3* and incorporated herein by reference ("Security Agreement"), which covers, among other things, a Gates Learjet 35A N757AL ("Aircraft") and any and all charters or leases thereof, which includes the Lease (hereinafter defined).

17. McDonald leased the Aircraft to Nashville Jet Charters, Inc. ("Operator") under an *Aircraft Lease and Management Agreement* ("Lease"), and a copy of the Lease is attached hereto as *Exhibit 4* and incorporated herein by reference.

18. Each of the Guarantors consented to the execution of the Lease pursuant to that certain *Acknowledgement and Consent of Guarantors* dated September 18, 2009 ("Consent

Agreement"). A copy of the Consent Agreement is attached hereto as *Exhibit 5* and incorporated herein by reference.

19. To induce McDonald Aviation to enter into the Lease, and to induce Fifth Third to consent to the Lease, Jacob May executed and delivered that certain *Guaranty of Lease* dated September 4, 2009 ("Lease Guaranty"). A copy of the Lease Guaranty is attached hereto as *Exhibit 6* and incorporated herein by reference.

20. Pursuant to the Guaranties, each of the Guarantors guaranteed the prompt payment to Fifth Third of all indebtedness and liabilities of McDonald Aviation of any kind, nature, and character, including principal and interest now existing or which hereafter may be incurred by McDonald Aviation to Fifth Third; provided, however, that liability of each Guarantor shall not at any time exceed $800,000.00, plus reasonable attorneys' fees and expenses incurred by Fifth Third.

21. Pursuant to the Lease Guaranty, Jacob May guaranteed the full and prompt payment by Operator of all sums due or becoming due under the Lease and all indemnity obligations of Operator to McDonald Aviation and Lender (all of said obligations are herein referred to as the "Guaranteed Obligations"), plus all reasonable costs and expenses (including attorneys' fees) incurred by Fifth Third in the protection, interpretation, and enforcement of any of its rights or in the pursuance of any of its remedies in respect of the Guaranteed Obligations or the Lease Guaranty.

22. McDonald Aviation defaulted under the Note by failing to make payments when due.

23. The total amount owed by McDonald Aviation to Fifth Third under the Note as of January 15, 2011, is $1,625,526.50 *plus* any accrued and/or accruing interest, costs, fees, expenses and protective advances which have been incurred or may be incurred in the future but are not included in the total, plus accrued and accruing attorneys' fees (the "Indebtedness").

24. Each of the Guarantors is obligated to pay to Fifth Third $800,000.00 outstanding under the Note, plus reasonable attorneys' fees, court costs, and expenses incurred and to be incurred to enforce the Guaranties and collect the outstanding Indebtedness.

25. Operator defaulted under the Lease by failing to make payments when due and by failing to cause the Aircraft to be maintained under the "Maintenance Plan" as defined in the Lease, resulting in a loss of the value of the Aircraft.

26. On information and belief, the Guaranteed Obligations under the Lease total not less than $71,767.23 for charter activity, plus indemnity obligations for losses resulting from the failure to maintain the Maintenance Plan.

27. Jacob May is obligated to pay to Fifth Third the full amount of the Guaranteed Obligations, plus reasonable attorneys' fees, court costs, and expenses incurred and to be incurred to enforce the Lease Guaranty and collect the outstanding Guaranteed Obligations.

## COUNT ONE – ACTION ON NOTE

28. Fifth Third incorporates by reference the above allegations.

29. McDonald Aviation has breached the terms of the Note by failing to pay its obligations to Fifth Third.

30. Fifth Third has fully performed its obligations under the Note.

31. Fifth Third has been damaged by McDonald Aviation's breach in an amount to be proven at trial, including without limitation the balance of the Note plus attorney fees, court costs, and expenses incurred and to be incurred to enforce the Note and collect the Indebtedness.

32. Fifth Third is entitled to recover from McDonald Aviation an amount to be proven at trial.

## COUNT TWO– ACTION ON GUARANTIES

33. Fifth Third incorporates by reference the above allegations.

34. Guarantors each personally guaranteed to pay the amounts due and owing to Fifth Third under the Note.

35. Guarantors are liable in the amount of up to $800,000.00 each for the amount outstanding under the Note, plus attorneys' fees, court costs and expenses incurred and to be incurred to enforce the Guaranties and collect the outstanding Indebtedness,

36. Fifth Third is entitled to recover from each Guarantor $800,000, plus attorneys' fees, court costs and expenses incurred and to be incurred to enforce the Guaranties.

## COUNT TWO – ACTION ON LEASE GUARANTY

37. Fifth Third incorporates by reference the above allegations.

38. Jacob May personally guaranteed to pay the amounts due and owing to Fifth Third under the Lease.

39. Jacob May is liable to Fifth Third for the entire amount of the Guaranteed Obligations, plus reasonable attorneys' fees, court costs, and expenses incurred and to be incurred to enforce the Lease Guaranty and to collect the outstanding Guaranteed Obligations.

40. Fifth Third is entitled to recover from Jacob May under the Lease Guaranty an amount to be proven at trial.

## PRAYER FOR RELIEF

THEREFORE, Fifth Third requests that (i) judgment be entered in its favor against Jacob May, Mark McDonald, Thomas E. Newton, and William A. Oldacre in the amount of $800,000.00 each, plus an award of attorney fees and expenses incurred and to be incurred to collect the outstanding Indebtedness, plus court costs, plus an award of post-judgment interest, (ii) judgment be entered in its favor against Jacob May in the amount of the Guaranteed Obligations, plus an award of attorney fees and expenses incurred and to be incurred to collect the outstanding Guaranteed Obligations, plus court costs, plus an award of post-judgment interest, and (iii) this Court grant such other and further relief as may be just and proper.

January 7, 2011                    Respectfully submitted,

/s/Allison A. Wiemer
Allison A. Wiemer (Sup. Ct. No. 027623)
STITES & HARBISON, PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219-2376
Phone: (615) 244-5200
Fax:    (615) 742-0732
allison.wiemer@stites.com

*Attorneys for Fifth Third Bank*